IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| DEBORAH BLANCHARD and<br>WILLIAM BLANCHARD<br>602 Main St NE<br>Mapleton, Minnesota, 56065<br><br>          Plaintiffs,<br><br>          v.<br><br>OM SHIVAM NC, LLC (d/b/a Microtel Inn<br>and Suites by Wyndham), RUPESH PATEL,<br>SUSIE PATEL, and HARRY PATEL<br>959 Lake Road<br>Thomasville, North Carolina, 27360<br><br>**Serve Also:**<br>Rupesh Patel, Statutory Agent<br>959 Lake Road<br>Thomasville, NC 27360<br><br>          Defendants. | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND NORTH CAROLINA WAGE AND HOUR ACT**<br><br>**(Jury Demanded)** |

Plaintiffs Deborah Blanchard and William Blanchard (collectively "Plaintiffs"), by and through undersigned counsel, as their complaint against Defendants, state and aver the following:

## PARTIES

1. Deborah Blanchard ("Deborah") is an individual residing in Mapleton, Minnesota, who formerly worked for Defendants in Thomasville, North Carolina.

2. William Blanchard ("William") is an individual residing in Mapleton, Minnesota, who formerly worked for Defendants in Thomasville, North Carolina.

3. OM SHIVAM NC, LLC ("Shivam") is a North Carolina limited liability company with a principal place of business at 959 Lake Rd, Thomasville, NC 27360.

4. Shivam operates as Microtel Inn and Suites by Wyndham.

5. Rupesh Patel is an Owner/Manager of Shivam.

6. At all times referenced herein, Rupesh Patel exercised operational control over employment policies and set pay rates.

7. Rupesh Patel directed the payroll practices alleged herein.

8. Susie Patel is an Owner/Manager of Shivam.

9. At all times referenced herein, Susie Patel exercised operational control over personnel decisions.

10. Susie Patel held the authority to hire, fire, and evict employees residing on-site.

11. Harry Patel was the Property Manager.

12. At all times referenced herein, Harry Patel acted as Plaintiffs' direct supervisor.

13. Harry Patel controlled Plaintiffs' daily schedules, work assignments, and time records.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the matters in controversy are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

15. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

16. Venue is proper in the Middle District of North Carolina under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FLSA COVERAGE

17. At all times referenced herein, Defendants were the "employers" of Plaintiffs as that term is

defined by the FLSA, 29 U.S.C. § 203(d).

18. At all times referenced herein, Defendants Rupesh Patel, Susie Patel, and Harry Patel acted directly or indirectly in the interest of the corporate Defendant in relation to Plaintiffs.

19. Consequently, each individual Defendant constitutes an "employer" within the meaning of 29 U.S.C. § 203(d).

20. At all times referenced herein, Shivam constituted an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r), and was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

21. At all times referenced herein, Shivam's annual gross volume of sales made or business done constitutes not less than $500,000.00.

## WAGE AND HOUR ACT COVERAGE

22. At all times relevant herein, Defendants were "employers" within the meaning of the North Carolina Wage and Hour Act ("WHA"), N.C. Gen. Stat. § 95-25.2(5) in that Defendants are any person acting directly or indirectly in the interest of an employer in relation to an employee.

23. At all times relevant herein, Plaintiffs were "employees" within the meaning of the WHA, N.C. Gen. Stat. § 95-25.2(3-4), in that Plaintiffs were individuals suffered or permitted to work by an employer.

## FACTUAL ALLEGATIONS.

24. Deborah and William were hired by Shivam in or around October 2022.

25. Plaintiffs sought employment with Shivam following a house fire that displaced them from their home.

26. Deborah was hired for the position of Front Desk/Receptionist Clerk.

27. At all times referenced herein, Deborah's rate of pay was $12.00 per hour.
28. William was hired around March 2023 to perform maintenance, laundry, and front desk duties.
29. At all times referenced herein, William's rate of pay was $12.00 per hour.
30. Despite their official job titles, Shivam required both Deborah and William to perform extensive manual labor.
31. Specifically, Plaintiffs were required to perform duties in laundry, housekeeping, maintenance, and groundskeeping.
32. Deborah typically worked between 40 to 70 hours per week.
33. William typically worked between 40 to 70 hours per week.
34. Deborah and William resided at the hotel as a condition of their employment or for the convenience of Shivam.
35. Rupesh Patel implemented a mandatory scheme regarding Plaintiffs' housing costs.
36. Under Rupesh Patel's scheme, Plaintiffs were required to "sign over" their paychecks to Shivam to cover "rent".
37. Susie Patel frequently enforced this policy by physically collecting the endorsed checks from Plaintiffs on paydays.
38. Rupesh Patel and Susie Patel failed to provide a proper accounting of the rent charged to Plaintiffs.
39. Rupesh Patel and Susie Patel failed to obtain written authorization for specific deductions as required by law.
40. Instead of proper accounting, Rupesh Patel and Susie Patel would simply seize Plaintiffs' wages.

4

41. On numerous occasions, the practice resulted in Deborah receiving $0.00 in take-home pay for weeks of full-time work.

42. On numerous occasions, the practice resulted in William receiving $0.00 in take-home pay for weeks of full-time work.

43. Shivam withheld 100% of wages for housing at market or inflated rates.

44. When Plaintiff complained about being paid nothing, Rupesh Patel and Susie Patel asserted that the money was owed for housing.

45. Shivam's housing deductions violated the "free and clear" requirement of the FLSA.

46. Consequently, Shivam reduced Plaintiffs' effective hourly rates below the federal minimum wage.

47. Harry Patel frequently instructed Deborah and William to work off the clock.

48. Shivam manipulated time records to avoid paying overtime premiums.

49. Harry Patel instructed Plaintiffs to clock in under other employees' names or timecards to hide Plaintiffs' actual hours worked.

50. Shivam utilized the practice of clocking in under other names to avoid triggering overtime thresholds.

51. Harry Patel explicitly warned Deborah via text message regarding Rupesh Patel's anger toward paying overtime.

52. Specifically, Harry Patel stated: "if either one of you got overtime he's mad at me try to understand I have to maintain couple of things with him".

53. During his employment, William was subjected to severe sexual harassment by Harry Patel.

54. Harry Patel's harassment included unwanted physical touching and grabbing of William's genitals.

55. Harry Patel's harassment occurred in front of staff and customers.

56. William reported Harry Patel's harassment directly to Rupesh Patel.

57. Approximately one week after William's report, Rupesh Patel terminated William's employment.

58. Following William's termination, Deborah requested William's final paychecks.

59. Shivam had failed to pay William for his last two pay periods.

60. Subsequently, Deborah complained to Rupesh Patel about William's termination and Shivam's unlawful confiscation of his final wages.

61. Susie Patel terminated Deborah's employment on or about April 20, 2024.

62. Susie Patel terminated Deborah immediately after Deborah asserted her rights regarding the unpaid wages.

63. Upon termination, Susie Patel forced Deborah to "sign [her] check over" that same Friday.

64. Immediately following the terminations, Susie Patel initiated a wrongful eviction process against both Deborah and William, which constituted an additional adverse action taken in retaliation for Plaintiffs' protected complaints regarding unpaid wages and unlawful confiscation of their paychecks.

65. Susie Patel served Plaintiffs with eviction papers as part of this retaliatory course of conduct.

66. Shivam cut off utilities to Plaintiffs' residence as part of this retaliatory course of conduct.

67. Shivam locked Plaintiffs out of their residence as part of this retaliatory course of conduct.

68. Rupesh Patel authorized, approved, and ratified Susie Patel's decision to terminate Deborah immediately after Deborah asserted her rights regarding unpaid wages and unlawful confiscation of wages

69. Immediately following the terminations, Rupesh Patel authorized, approved, and ratified the

6

Case 1:26-cv-00159   Document 1   Filed 02/12/26   Page 6 of 10

retaliatory eviction actions taken against Deborah and William, including service of eviction papers.

70. Immediately following the terminations, Rupesh Patel authorized, approved, and ratified Shivam's retaliatory actions cutting off utilities and locking Plaintiffs out of their residence.

71. Rupesh Patel, Susie Patel, and Shivam undertook these retaliatory housing-related actions to punish Plaintiffs for asserting their rights, to deter further complaints about unlawful wage practices, and to interfere with Plaintiffs' ability to recover wages owed.

72. As a result of Defendants wrongful conduct, Plaintiffs suffered and continue to suffer damages.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT - FAILURE TO PAY MINIMUM WAGE & OVERTIME) 29 U.S.C. § 206 & § 207
(Asserted By Both Plaintiffs Against All Defendants).**

73. Plaintiffs incorporate by reference the foregoing allegations as if fully restated herein.

74. Defendants failed to pay Deborah and William the federal minimum wage for all hours worked.

75. Defendants' failure to pay minimum wage was caused by illegal kickbacks and deductions for rent.

76. These deductions were not "reasonable costs" under the FLSA.

77. Defendants suffered or permitted Deborah and William to work in excess of forty (40) hours per week.

78. Defendants failed to pay Plaintiffs time-and-one-half for those overtime hours.

79. Defendants' violations were willful.

80. Defendants' willfulness is evidenced by their manipulation of time clocks and text messages acknowledging the intent to avoid overtime.

81. Plaintiffs are entitled to recover unpaid minimum wages, unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT (RETALIATION)**
**29 U.S.C. § 215(A)(3)**
**(Asserted by Both Plaintiff Against Rupesh Patel, Susie Patel, and Shivam Only)**

82. Deborah incorporates by reference the foregoing allegations as if fully restated herein.

83. Deborah engaged in protected activity under the FLSA by complaining about unpaid wages, specifically the rent scheme and pay that was owed to William after his termination.

84. Defendants took adverse action after Deborah made protected complaints under the FLSA by terminating her employment.

85. The temporal proximity between Deborah's last protected complaint and her termination was less than one week.

86. Defendants terminated Deborah because of her protected complaints under the FLSA.

87. As a result of Defendants wrongful conduct, Deborah is entitled to all appropriate legal and equitable relief, including back pay, front pay, liquidated damages, and damages for emotional distress, pursuant to 29 U.S.C. § 216(b).

**COUNT III: VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT N.C.**
**GEN. STAT. § 95-25.1, *ET SEQ.***
**(Asserted by Both Plaintiffs Against All Defendants)**

88. Plaintiffs incorporate by reference the foregoing allegations as if fully restated herein.

89. Defendants violated N.C. Gen. Stat. § 95-25.8 by withholding Deborah's and William's wages for rent.

90. Defendants failed to obtain proper written authorization for these deductions.

91. These deductions were made for the benefit of the employer.

92. Defendants violated N.C. Gen. Stat. § 95-25.6 by failing to pay all wages due on the regular payday.

93. Plaintiffs are entitled to recover unpaid wages, interest, and liquidated damages.

94. Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to N.C. Gen. Stat. § 95-25.22.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Deborah Blanchard and William Blanchard requests judgment in their favor against Defendants, containing the following relief:

(a) Awarding Plaintiffs their unpaid minimum wages and overtime, and an additional equal amount as liquidated damages for both counts, pursuant to 29 U.S.C. § 216(b);

(b) Awarding Deborah damages for unlawful retaliation, including lost wages, emotional distress damages, and liquidated damages pursuant to 29 U.S.C. § 216(b);

(c) Awarding Plaintiffs their unpaid wages, interest, and liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22;

(d) Awarding pre-judgment and post-judgment interest as provided by law;

(e) Awarding reasonable attorneys' fees and costs incurred in prosecuting this action; and

(f) Awarding such other and further relief that this Court deems appropriate

Respectfully submitted,

*/s/Evan Gungor*
Evan Gungor (N.C. Bar No. 60902)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
5540 Centerview Drive, Ste 200
Raleigh, NC 27606
Phone: (980) 332-4688
Fax:     (216) 291-5744
Email: Evan.Gungor@Spitzlawfirm.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff Deborah Blanchard and William Blanchard demand a trial by jury by the maximum number of jurors permitted.

>  */s/Evan Gungor*
> Evan Gungor (60902)
> **SPITZ, THE EMPLOYEE'S LAW FIRM**

10